### DEXTER v. PAUGH, Sheriff.

ATTACHMENT in suit of *B. & Co.* v. *V.*, *Y. & L.*, as firm of V. & Co., under which defendant, as Sheriff, seized plaintiff's stock in trade, claiming that. L. was partner of plaintiff: *Held*, that in action by plaintiff against Sheriff for damages, proof of injury to plaintiff's business as a merchant was inadmissible as a criterion of damage.

*Held, further*, that the attachment papers of *B. & Co.* v. *V. & Co.* were admissible in evidence in favor of defendant. See facts.

APPEAL from the Sixteenth District.

On the twenty-second of November, 1859, Bosworth & Co., of

San Francisco, brought suit in that city against L. Ludekins, L. Vesaria and Samuel Youngs, as partners, under the style of Vesaria & Co., to recover five hundred and ninety-eight dollars, for goods sold and delivered, and caused an attachment to be issued to the Sheriff of Amador county. On the twenty-sixth of the same month defendant, as such Sheriff, and under the writ, seized and took into his exclusive possession the stock in trade of plaintiff, removing the goods from the store, and returning on the writ that he levied on the right and interest of Ludekins; and also, shortly thereafter, serving a notice of garnishment upon plaintiff. December 2d, 1859, plaintiff instituted the present action against Paugh, the Sheriff, to recover the goods so seized or their value, claimed to be $1,754.59, with $2,000 damages, the averments of the complaint, which was not verified, being substantially that the plaintiff was the owner of the goods on the twenty-sixth of November, and that defendant wrongfully seized them, etc. The answer consisted: first, of a general denial; second, a plea of the attachment proceedings of Bosworth & Co., averring that defendant had seized the right, title and interest of Ludekins in and to the goods in question, and now holds them in obedience to said writ; third, a plea that plaintiff, on or about the twenty-sixth of November, 1859, made a fraudulent and pretended purchase of the goods of said Ludekins for the purpose of hindering, delaying and defrauding the creditors of the latter; that there was no delivery, and that plaintiff's claim of sole ownership is false and void as against the creditors of Ludekins.

On the trial, plaintiff proved the value of the goods, to wit: about $1,800; and that plaintiff at the time of the seizure was in possession thereof, doing a retail grocery business. Plaintiff then asked a witness: "What was the damage to plaintiff in the way of injury to his business by the seizure of those goods?" Objected to, on the ground that the value of the goods with interest was the criterion of damages. Overruled, defendant excepting; and the witness said, "the damage by breaking up the business could not have been less than $2,200 up to commencement of this suit, and up to present time $3,600, exclusive of the value of the goods." On cross-examination, the witness said he arrived at the value by the retail price to him of sugar, tea, coffee, etc.

Other witnesses were permitted to estimate, defendant excepting, the damage to plaintiff, aside from the value of the goods, by taking into consideration all the circumstances, the injury to his credit and business, the additional expense of replenishing his stock, on account of bad roads, and his difficulty in doing so from want of means, etc.

Defendant offered to introduce in evidence the complaint, affidavit, undertaking, writ of attachment with the return thereon in the suit of *Bosworth & Co.* v. *Vesaria & Co.*, and in connection therewith to show that, at the time of defendant's seizure of the goods, Ludekins was joint owner thereof with plaintiff. Plaintiff objected, on the ground of irrelevancy, incompetency, and because a proper foundation had not been laid. Objection sustained, on the ground that the answer contained no defense, and that defendant, instead of seizing goods in which plaintiff had an interest, should have garnisheed Ludekins' interest in the hands of plaintiff; and evidence ruled out, defendant excepting.

The charge of the Court upon the point as to injury to business was as follows: "As to damages you will consider the injury to plaintiff's business, but not to his reputation as a merchant. You will consider how his stock in trade was affected, and what losses in dollars and cents he thereby incurred. You are limited to a verdict of compensation solely. You must not find a larger amount of damages than will compensate plaintiff in dollars and cents, and you must allow him such sums as will compensate him in dollars and cents. You will disregard all the evidence so far as it tends to establish merely speculative damages. You will not consider the supposed injury to plaintiff's reputation; nor will you consider the danger in which he was placed by the seizure of being entirely broken up in business, nor the probable profits he would have made on the goods. You will, however, allow him, in addition to all other sources of damages, ten per cent. interest on the value of the goods from the date of the seizure to the day of trial." The foregoing, with the addition that the jury must find for plaintiff, and fix: 1st, the value of the goods at the seizure; 2d, the amount of damages resulting from the seizure and damages, and that in fixing the value, the jury could consider the wholesale and retail value, constitutes the entire charge.

Dexter *v.* Paugh.

Verdict for plaintiff, fixing the value at $1,754.59, and the damages caused by the seizure and detention at five hundred dollars. Judgment accordingly; defendant appeals.

*M. Compton,* for Appellant.

1. Evidence of injury to plaintiff's business as a basis of damages was incompetent. The rule is legal interest on the value of the goods from the time of seizure to the trial. (9 Cal. 562; 5 Id. 327; *Nightingale* v. *Scannell,* 18 Id.)

2. The attachment papers in *Bosworth & Co.* v. *Vesaria & Co.* were admissible. The Court below grounded its refusal to admit these papers upon the position, that as the answer averred the property seized to be the joint property of plaintiff and Ludekins, it contained no defense, and that the Sheriff should simply have garnisheed Ludekins' interest in the hands of plaintiff. This is error. The Sheriff had a right to seize the whole stock. (11 How. Pr. R. 46; *Phillips* v. *Cook,* 24 Wend. 387; 3 Denio, 125; 2 Hill, 47; 9 Clark & Fennelly's Appeal Cases, 251; 2 Ld. Raym. 871; Story on Part. sec. 263; 3 Bos. & Pul. 259, 290; 4 Adol. & Ell. 127; 2 Harr. & McH. 463; 1 Gall. 367; 1 Salk. 392; 12 Wend. 131; 3 Ala. N. S. 319.)

*Geo. R. Moore,* for Respondent.

1. The evidence shows the seizure of goods here to have been "under a reckless disregard of the rights of others," and "under circumstances of great hardship and oppression;" and hence the case comes within the rule of exemplary damages. (*Dorsey* v. *Manlove,* 14 Cal. 556.) For a debt of four hundred dollars, and a joint debt of Ludekins and other parties, and on the mere supposition that Ludekins was partner of plaintiff, defendant seized goods worth $1,800, stopped plaintiff's business at a time of year when it was impossible, from the state of the roads, to replenish his stock except at great additional cost. Defendant is a mere nominal party. Bosworth & Co. are liable to him and ought to be made liable for their wanton acts.

2. The attachment papers of Bosworth & Co. were not admissible, because: 1st, the answer does not aver that Ludekins was

indebted to Bosworth & Co.; (*Thornburgh* v. *Hand*, 7 Cal. 554) 2d, it does not aver that he was a member of the firm of Vesaria & Co., or in any way responsible to Bosworth & Co. for the debt for which they sued; 3d, it being averred in the answer that plaintiff, Dexter, and Ludekins were partners in the goods levied on, the Sheriff could not justify a seizure of the whole. (*Walling* v. *Miller*, 15 Cal. 38.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

1. The Court erred in allowing proof of injury to plaintiff's business as a criterion of damage against the Sheriff, and the charge in connection with this ruling. (See *Nightingale* v. *Scannell*, recently decided. 2. The Court also erred in excluding the attachment papers in the case of *Bosworth & Co.* v. *Ludekins*.

Judgment reversed, and cause remanded.